IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON LEA MANNING WAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-cv-00171-MEF** |
| | ) |
| REJEANA V. FREEMAN, et al. | ) |
| | ) |
| Defendants. | ) |

### UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rules 12 (b)(1) and (b)(5) of the Federal Rules of Civil Procedure, moves this Court to dismiss plaintiff's claim for lack of subject-matter jurisdiction and insufficiency of service of process. In support of this motion, the United States advances the following grounds:

1.  Plaintiff, Sharon Lea Manning Waid, brings tort claims against defendant Rejeana V. Freeman arising from an automobile accident that occurred on or about August 26, 2003. *See* Complaint, Count I.

2.  Defendant Freeman is a Technical Sergeant (TSgt.) on active duty in the United States Air Force.

3.  The United States Attorney has certified that TSgt. Freeman was acting within the scope of her federal office or employment at the time of the accident giving rise to plaintiff's claim. *See* Scope-of-Employment Certification, Exhibit 2 to Notice of Removal and Substitution

filed on February 23, 2003. The Attorney General's scope-of-employment certification has the effect of removing this action from State court and substituting the United States as party defendant. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

    4.    Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions. *See, Singleton v. Burchfield*, 362 F.Supp. 2d 1291, 1297-98 (M.D. Ala. 2005).

    5.    This Court lacks subject-matter jurisdiction because plaintiff filed this lawsuit prematurely. She filed suit before the Air Force denied her administrative claim and before six months had passed from the date she filed her administrative claim. 28 U.S.C. § 2675 (a).

    6.    Before a tort suit against the United States may be commenced, an administrative claim must first be presented to and denied by the appropriate federal agency. 28 U.S.C. § 2675 (a). At plaintiff's option, a claim may be treated as presumptively denied six months after it is filed. *Id*. The FTCA's administrative exhaustion requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative exhaustion requirement cannot be

waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002). The Supreme Court has made is absolutely clear that "Congress intended to require complete exhaustion of administrative remedies before invocation of the judicial process." *McNeil,* 508 U.S. at 112.

7. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative exhaustion requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5); *Singleton*, 362 F.Supp.2d at 1293-96, 1297-98.

8. Plaintiff filed an administrative claim with the United States Air Force on August 24, 2005. *See* Declaration of Captain Laura L. Hansen attached as Exhibit 1. Plaintiff filed suit in State court the same day. *See*, date stamp on Complaint. Accordingly, this Court lacks subject-matter jurisdiction because plaintiff failed to exhaust her administrative remedies before filing suit as required by 28 U.S.C. § 2675. This defect cannot be cured and this action should be dismissed. *McNeal*, 508 U.S. at 111-113.

9. This action should also be dismissed pursuant to Rule 12 (b)(5) for insufficiency of service of process. Plaintiff completely failed to serve TSgt. Freeman in the State court action. In addition, she has not served the United States Attorney or the Attorney General as required by Rule 4 (i).

**WHEREFORE**, this action should be dismissed in its entirety for lack of subject-matter jurisdiction and insufficiency of service of process.

Respectfully submitted this 27th day of March, 2006.

>LEURA G. CANARY
>United States Attorney
>
>By:    s/Stephen M. Doyle
>STEPHEN M. DOYLE
>Chief, Civil Division
>Assistant United States Attorney
>Attorney for the United States
>Post Office Box 197
>Montgomery, AL  36101-0197
>District of Columbia Bar No. 422474
>Telephone No.: (334) 223-7280
>Facsimile No.: (334) 223-7418
>**E-mail:  stephen.doyle@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing upon all attorneys of record by mailing each a copy of same, first class, postage prepaid, addressed as follows:

>Tom Payne, Esquire
>305 South Lawrence Street
>Montgomery, AL 36104
>Attorney for Plaintiff
>
>Richard Corrigan, Esquire
>Post Office Box 7501
>Mobile, AL 36670
>Attorney for Budget Rental Car

Dated this 27th day of March, 2006.

>s/Stephen M. Doyle
>Assistant United States Attorney

4