**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**SHARON LEA MANNING WAID,**

      **Plaintiff,**

**VS.**                           **CASE NO. 2:06-cv-171-MEF**

**BUDGET RENTAL CAR, Inc. et. al.**

      **Defendants.**

### MOTION TO REMAND TO STATE COURT

Now comes Sharon Lea Manning Waid, by and through her Attorney of Record, and moves this Honorable Court to issue an Order remanding the subject case to the Circuit Court of Montgomery County, Alabama, and for grounds in support of same says the following:

1. That the cause was initially filed in the Circuit Court of Montgomery County, Alabama, Civil Division, Case No. CV-05-2185 with service perfected on the Defendant, Budget Rental Car, Inc. Please find attached hereto as Exhibit A is a copy of said Lawsuit for the Honorable Court convenience.

2. The Plaintiff avers that service was perfected on the Defendant, Budget Rental A Car, Inc., was perfected in the State Court. The Plaintiff avers that service has not been perfected on the Defendant, Regina V. Freeman, due to information that she may be out of the United States of America at the present time. Service was attempted on Defendant, Regina V. Freeman in the State of Arizona but said service attempt by certified mail was returned, "not found".

3. The Plaintiff avers that this Civil Action filed in the Circuit Court of Montgomery County, Alabama, was based on a personal cause of action against each Defendant herein and contained two separate Counts with Count 1 being a negligence action against Defendant, Regina V. Freeman and Count 11 being a Negligent Entrustment action against Defendant, Budget Rental Car, Inc.  That the personal actions of each Defendant are cited in each respective Count.

4. The Plaintiff avers that the United States of America is not cited as a Defendant in the above reference state Lawsuit.

5. The Plaintiff avers that the claim in the State action against Defendant, Regina V. Freeman, is for her personal negligence and does not include any action spelled out that she was an employee of the United States.

6. The Plaintiff avers that the claim in the State action against Defendant, Budget Rental A Car, Inc. is an action against a non-government entity and is not against the United States of America.  Further that the Plaintiff avers that the Defendant, Budget Rental A Car, Inc. is licensed to do business in the State of Alabama under state the State of Alabama Law and is not proved to be an agency of the United States of America at this point in this matter.

7. The Plaintiff avers that before the filing of the State cause of action there was no knowledge on the part of the Plaintiff that the United States was a party to this car wreck action nor was any paper filing submitted until the Notice of Filing Removal in the State Court on February 24, 2006.  A copy of said filing is attached hereto as Exhibit B for this Honorable Court convenience.

8.  The Plaintiff avers that the United States of America made and filed no affidavit or documentation in the Circuit Court of Montgomery County, Alabama, as to the evidentiary proof of any investigation that the Defendant, Regina V. Freeman, was in fact an employee of the United States of America at the time of the car wreck which is the cause of the State court action.  The affidavit of the United States of America contained only an affidavit from the Honorable Leura G. Canary, United States Attorney, making reference to unknown facts that the Defendant, Regina V. Freeman, was a technical Sergeant in the United States Air Force and was acting within the scope of her employment as a non-commissioned officer of the United States at the time of the car wreck which is the substance of the State Court action against Defendant, Regina V. Freeman.

9.  That the only filing in the State Court action was a Notice of Filing Removal under 28 U. S. C. Section 144 (d) with no proof offered to defeat the claim of a personal action as to whether the Defendant, Regina V. Freeman, was on a frolic of her own or violated her Military orders as to the use of the vehicle that she was driving at the time of the car wreck.  The Plaintiff avers that only said evidential proof would exempt her from being under the scope of the Federal Tort Claims Act and that said proof is the duty of the United States of America.

10.  The Plaintiff avers that even for the state of debate that the Certification by the United States Attorney covers employer-employee status that there has been no testamentary evidence nor documentation proof from the Defendant that she was acting within under the line and scope of her employment.  That no filing is made in the State Court action offering evidentiary proof, either in testimony or documentation that the

3

Defendant, Budget Rental Car, Inc. is an agency of the United States of America under
any statues of the United States of America thus barring the removal of any cause of
action against Defendant, Budget Rental Car, Inc.

11. That the Plaintiff avers that the Defendant, Budget Rental A Car, Inc. filed an
Answer in the State Court action, which Answer in no way states that it is an agency of
the United States of America. Further that the movement of this matter in the State Court
had progressed to the point that a mediator was appointed for medication of this car
wreck Lawsuit in the State Court. A copy of said Order is attached hereto as Exhibit C
for the convenience of this Honorable Court.

12. That the Plaintiff avers that a form 95 claim was timely filed by the Plaintiff
in the event that the Defendant, Regina V. Freeman, was in fact an employee of the
United States government and that claim serves as no prohibition for proceeding in the
State Court Lawsuit against the Defendant, Regina V. Freeman, in a personal action until
said Defendant is exonerated for any personal liability in the matter of the car wreck
which is the subject matter of the State Court action. Further, the Plaintiff avers that
there is no prohibition for the proper proceeding at this time with the form 95 government
claim which the Plaintiff avers that she has received no denial of her claim from the
United States of America.

13. The Plaintiff avers that under 28, U. S. C. 2670 5 (A) states that when any
action or proceeding in which the United States is substituted as the party under this
subsection is dismissed for failure first to present a claim pursuant to Section 2675 (a) of
this title, such a claim shall be deemed to timely presently under Section 2401 (b) of this
title if

"A.  The claim would have been timely had it been filed on the date the underlying civil action was commenced and

(B).  the claim is presented to the appropriate FEDERAL Agency within 60 days after dismissal of the civil action."

14.  The Plaintiff further avers that a counter affidavit is attached hereto as Exhibit no. 4 in this car wreck matter setting forth the facts of the State Court action with the appropriate service attempts by the Plaintiff on the Defendant.  The Plaintiff furthers avers that no judgment has been rendered beyond the Removal Notice Filing in this matter that would prejudice either party if a Remand is granted.

**WHEREFORE THE PREMISES CONSIDERED** the Plaintiff prays for this Honorable Court to remand the subject matter to the Circuit Court of Montgomery County, Alabama to proceed with the car wreck action against both Defendants based on their personal liability claimed thereon.  The Plaintiff prays for such other and different relief, as may be meet and proper under the premises hereunder.

**DONE** this the 1⁤th day of April 2006.

RESPECTFULLY SUBMITTED

TOM PAYNE  ALA#PAY004
**ATTORNEY FOR DEFENDANT**
**305 SOUTH LAWRENCE STREET**
**MONTGOMERY, ALABAMA 36104**
**334-269-1791**
**334-262-5650  FAX**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Honorable Stephen M. Doyle, Attorney for the United States of America, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104 and Honorable Richard Corrigan, Attorney for the Defendant, Budget Rental A Car, Inc. P. O. Box 7501,

5

Mobile, Alabama 36670, by depositing a copy of same in the U. S. Mail, postage prepaid, properly addressed this the 1**th** day of April 2006.

TOM PAYNE

**TOM PAYNE**
**STEPHEN M. DOYLE**
**RICHARD CORRIGAN.**