IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHARON LEA MANNING WAID,

    **Plaintiff,**

VS.                                          CASE NO. 2:06-cv-171-MEF

BUDGET RENTAL CAR, Inc. et. al.

    **Defendants.**

### PLAINTIFF'S ANSWER AND OBJECTION TO UNITED STATES' MOTION TO DISMISS

Now comes Sharon Lea Manning Waid, by and through her Attorney of Record, and for Objection and Answer to United States' Motion to Dismiss by the numbered paragraphs contained therein says as follows:

1. Admits as Regina V. Freeman but also submits as to cause of action against Defendant, Budget Rental A Car, Inc. in same complaint.

2. Denies each allegation contained therein and demands strict proof therein

3. Admits as to the filing of Scope of Employment Certification by the Defendant for Defendant Freeman but demands strict trustworthy testamentary proof or documentary proof that Defendant Freeman was not involved in a personal action when she was involved in a car wreck that injured the Plaintiff in Montgomery, Alabama on August 26, 2003. Plaintiff avers that no such evidence of any testamentary or documentary kind has been adduced by the United States other than hearsay affidavits of the United States Attorney and the Attorney for the United States Air Force.

4. The Plaintiff denies each allegation contained therein and demands strict proof thereof. The Plaintiff avers that the United States is not cited as a Defendant in the state

1

lawsuit involving the substance of the car wreck and the United States has offered no testamentary evidence or documentary evidence as to what the position of the Defendant Freeman was at the time of the car wreck as to whether or not Defendant Freeman was on a frolic of her own and thus on such a frolic was liable for her negligence actions in a personal way. The Plaintiff avers that nothing is stated by the United States concerning the negligent entrustment actions of Defendant, Budget Rental A Car, Inc.

5. The Plaintiff denies the allegations contained herein and demands strict proof thereof. The Plaintiff further avers that she has the right under State Law to file an action against the Defendant Freeman for her personal liabilities and against the Defendant, Budget Rental A Car, Inc. for its negligence entrustment. That under 28 U. S. C. Section 2679 (5) for the sake of argument the Plaintiff's form 95 for claim against the government is such that it is a claim against the government under the Federal Tort Claims Act. That these claims are two different causes of action against two Different Defendants for personal actions. The Plaintiff avers that there is and was no reasonable knowledge at the time of the state court filing as to the employee-employer relationship claim of the government with Defendant Freeman and the Law and the facts in this car wreck no way bars the Plaintiff from ascertaining her rights against the Defendant Freeman by the filing of a form 95 Federal Tort Claim right. From aught appears the United States has chosen, downstream from the State court lawsuit which was closely to the point of mediation settlement attempt to insert itself, as the party for all the actions of the Defendants when in fact that the Defendants can also be liable for their personal actions aside from the claims of protection of the Federal Tort Claims Act. At presence, the Plaintiff avers that there is neither trustworthy legal testamentary evidence nor

documentary evidence other than hearsay affidavits from government Attorneys that Defendant Freeman actions at the time of the car wreck placed her within the Federal Tort Claims Act. Nothing is related by the government as to employer-employee actions of Defendant, Budget Rental A Car, Inc. in any court hereto.

6. The Plaintiff denies the allegations contained herein and demands strict proof therein. The Plaintiff avers that the car wreck lawsuit filed in the Circuit Court of Montgomery County, Alabama was a personal action against Defendants and that this filing for the Defendant was in no way precluded as their personal conduct is and should be and could be totally outside the scope of the Federal Tort Claim Act. The United States has cited nothing to bar lawsuits against the Defendant for her personal action that caused the car wreck. The Plaintiff avers that the personal actions in the State Court is just a personal type of action in substance and that the employer-employee action filed in the form 95 claim is just that type of action in substance and that there is no bar per se to a government employee being liable for her personal action nor for a government employee being liable for his or her actions for negligence in the performance of her government duties. Therefore, the facts create two separate actions that are not in conflict therewith. The Plaintiff avers that in substance there can be two separate actions per se if the facts show that the Defendant is outside the line and scope of his or her duties. The United States has not submitted any trustworthy testamentary evidence or documentary evidence that the Defendant was either in or outside her employment in this car wreck lawsuit other than hearsay affidavits of government Attorneys. The plaintiff avers that as a matter of law, the Defendant can be liable for her personal actions outside the protection of the Tort Claims Act and if there is a question on the employer-employee

3

the form 95 administrative action then that action is properly before the administrative agency to be carried through to resolution for that purpose. The Plaintiff submits that a person who works for the government can be sued for his or her personal liability if without the line or scope of her employment or if she is on a frolic of his or her own. The facts and evidence of the case would determine that status as to each personal type of liability and a hearsay affidavit by a party not involved in the car wreck is not sufficient to determine the facts and evidence in this matter.

7. The Plaintiff denies each allegation contained and demands strict proof therein. The Plaintiff's avers that the facts and posture of this car wreck lawsuit is not within the confines of the Westfall Act as alleged by the United States for the Defendant Freeman's personal actions and further that the form 95 was properly filed and is still in the process of administrative handling as the Plaintiff has received no official documentation of any denial of the liability of the Defendant Freeman on her claim involving any employer-employee relationship with the United States Air Force. Therefore, the administrative procedure has not been exhausted.

8. Admits as to the respective filing but the Plaintiff avers that at the time of the filing and for months thereafter no official document or notice was filed against the state lawsuit averring any employer-employee relationship for Defendant Freeman and none has ever been filed on behalf of Defendant Budget Rental A Car, Inc. a Defendant in the same car wreck lawsuit. The Plaintiff avers that the February 24, 2006 filing was the first official document attempt by the government to assert the Federal Tort Claims Act for Defendant's Freeman action and if same is held sufficient that the Plaintiff's form 95 was timely filed on August 24, 2005 before the running of the Statue of Limitations on this

matter with regards to both Defendants. Plaintiff denies the government assertions in this paragraph. Plaintiff further states that since Count 11 of her complaint against Budget Rent A Car, Inc. is a separate action a dismissal of that action would lead to its demise as the state statue of limitation run on August 256, 2005 barring a refilling with the State Court.

    9. The Plaintiff denies each allegation contained therein and demands strict proof thereof. The Plaintiff avers that the first official documentation of any claim of employer-employee relationship Freeman was the February 24, 2006 state court filing of the Notice of Removal which is being challenge in this Honorable Court presently by documentary filing and is less that a month and a half of this Court's involvement in this matter from the Circuit Court of Montgomery County, Alabama. The Government failed to aver the attempted certified mailing on Defendant Freeman in the State Court and the return thereof. The Plaintiff avers that it was months after the state court filing before the government filed its removal action. The Plaintiff avers that the dismissal of any actions involving Defendant Budget Rental A Car, Inc. is highly prejudicial as the status of limitation has run on this Count 11 Negligent Entrustment action if this action is dismissed with regards to said Defendant.

    **WHEREFORE THE PREMISES CONSIDERED** the Plaintiff prays for this Honorable Court to deny the Government's Motion to Dismiss and to reinstate this cause with regards to both Defendants personal liability to the Circuit Court of Montgomery County, Alabama and to further deny the Motion of the government with regards to the timely filed form 95 claim against the United States Air Force with regards to the proceedings of the administrative procedures on said claim in order that said form 95

claim is to proceed until the administrative remedies are exhausted. The Plaintiff prays for such other and different relief as may be proper under the circumstances.

**DONE** this the 11th day of April 2006.

RESPECTFULLY SUBMITTED

_____
TOM PAYNE   ALA #PAY004
ATTORNEY FOR DEFENDANT
305 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104
334-269-1791
334-262-5650  FAX

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon Honorable Stephen M. Doyle, Attorney for the United States of America, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104 and Honorable Richard Corrigan, Attorney for the Defendant, Budget Rental A Car, Inc. P. O. Box 7501, Mobile, Alabama 36670, by depositing a copy of same in the U. S. Mail, postage prepaid, properly addressed this the 11h day of April 2006.

_____
TOM PAYNE

TOM PAYNE
STEPHEN M. DOYLE
RICHARD CORRIGAN.