# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| SHARON LEA MANNING WAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-cv-00171-MEF** |
| | ) |
| REJEANA V. FREEMAN, et al. | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS & OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

In response to the United States' Notice of Removal & Substitution and Motion to Dismiss, plaintiff has filed an "Answer and Objection to United States' Motion to Dismiss," a brief and documents in support thereof, and a Motion to Remand to State court.[1] The United States responds to all of plaintiff's filings in this brief.

Plaintiff attempts to challenge the United States Attorney's Westfall Act scope certification, but she completely fails to come forward with any evidence to refute the certification. The undisputed facts show that Technical Sergeant (TSgt.) Freeman was acting within the scope of her employment as an Air Force non-commissioned officer (NCO) at the time of the accident giving rise to this lawsuit. Accordingly, plaintiff's scope challenge must fail, and this suit should proceed as an action against the United States under the Federal Tort Claims Act

---

[1] Plaintiff also filed a motion for clarification and objection to motion to dismiss in State Court on April 7, 2006.

(FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680.  This Court lacks subject-matter jurisdiction because plaintiff failed to exhaust her administrative remedies before filing suit as required by 28 U.S.C. § 2675 (a).  Plaintiff concedes that she filed this action before she exhausted her administrative remedies with the Air Force.  Accordingly, plaintiff's claims against the United States are due to be dismissed for lack of subject-matter jurisdiction.  The United States has no objection to remand of plaintiff's remaining claims against Budget Rent A Car, Inc. (Budget).

## UNDISPUTED FACTS

Rejeana V. Freeman is a Technical Sergeant (TSgt.) on active duty in the United States Air Force.  From August 4, 2003, through September 12, 2003, TSgt. Freeman was on Temporary Duty (TDY) from her home station at Luke Air Force Base (AFB), Arizona, to Maxwell AFB, Alabama, to attend the Air Force's Paralegal Course.  Exhibit A, Decl. of TSgt. Freeman w/attachments 1, amended travel orders, and 2, off-base lodging authorization.  The Air Force billeted TSgt. Freeman off-base at the Fairfield Inn on Carmichael Road and authorized her to rent a car at Government expense while she was TDY.  *Id.*  Sergeant Freeman's amended travel orders specifically state that the member is authorized a unit funded rental car while TDY.  *Id*. at attachment 2, amended travel orders, block 16.  On August 26, 2003, TSgt. Freeman was involved in a minor traffic accident with plaintiff, Sharon Lea Manning, while driving the Government rental car.  *Id.*  At the time of the accident, TSgt. Freeman was driving from Maxwell AFB to her temporary quarters at the Fairfield Inn at the conclusion of her training day.  *Id.*

Use of Government vehicles by Air Force personnel is governed by Air Force Instruction (AFI) 124-301, Chpt. 2 (1 November 2001).  Exhibit B attached.  This regulation provides that

*"[u]se of all DoD motor vehicles, including those rented or leased, [is restricted] to official purposes only, that is, uses that would further the mission of the Air Force*." Exhibit B, AFI 124-301, ¶ 2.1 (emphasis original). The regulation specifically states that "[t]ransportation may be provided between lodgings and duty stations for personnel on temporary duty" and that "when authorized, a government motor vehicle may be operated: [b]etween places where the member's presence is required for official business, or between such places and temporary lodgings." Exhibit B, AFI 124-301, ¶ 2.6.1.1.

## ARGUMENT

**1.    Plaintiff Has Failed to Introduce Any Evidence to Refute the U.S. Attorney's Certification That TSgt. Freeman was Acting Within the Scope of Her <u>Employment as a Member of the Armed Forces at the Time of the Accident.</u>**

The Westfall Act, 28 U.S.C. 2679, provides absolute immunity to federal employees for common law torts committed within the scope of their employment. *S.J. & W. Ranch v. Lehtinen*, 913 F.2d 1538, 1540 (11th Cir. 1990), amended 924 F.2d 1555 (11th Cir. 1991); *Singleton v. Burchfield*, 362 F. Supp.2d 1291, 1296-97 (M.D. Ala. 2005). Congress enacted the Westfall Act "to protect federal employees from personal liability for common law torts committed within the scope of their employment," while also providing an appropriate remedy against the United States.[2]  *S.J. & W. Ranch,* 913 F.2d at 1540.

Pursuant to the Westfall Act, when a federal employee is sued in his/her individual capacity, the Attorney General may certify that the employee was acting within the scope of his/her office or employment at the time of the incident giving rise to the lawsuit. *See* 28 U.S.C.

---

[2]The Westfall Act legislatively overruled the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292, 297 (1998), which significantly narrowed the absolute immunity that federal employees had traditionally enjoyed from state-law torts. *S.J. & W. Ranch*, 913 F.2d at 1540.

§ 2679 (d)(1) & (2).[3] Upon certification, any action filed in State Court is removed to the United States District Court, and the United States is substituted as party defendant in place of the individual federal employee. 28 U.S.C. § 2679 (d)(2). Thereafter, the action proceeds as a claim against the United States under the FTCA and is subject to the FTCA's jurisdictional limits and exceptions. 28 U.S.C. § 2679 (d)(4); *Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

Upon challenge, the U.S. Attorney's scope-of-employment certification is subject to *de novo* judicial review in the District Court. *Guitierrez De Martinez v. Lamagno*, 515 U.S. 417 at 423, 436-37 (1995); *S.J. & W. Ranch*, 913 F.2d at 1542-43. The U.S. Attorney's certification is *prima facie* evidence that the employee was in scope. *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996). Plaintiff bears the burden of proving that the employee was acting outside the scope of his/her federal employment at the time of the incident giving rise to the action. *Id.*; *S.J. & W. Ranch*, 913 F.2d at 1543; *Singleton*, 362 F.Supp.2d at 1294. The scope-of-employment issue is governed by the law of the State where the incident occurred. *Id.* If plaintiff adduces sufficient evidence to create a genuine issue of material fact, the Court should conduct a pre-trial evidentiary hearing to resolve the disputed issues of fact that are material to the scope issue. *S.J. & W Ranch,* 913 F.2d at 1544.

Plaintiff has completely failed to sustain her burden of coming forward with evidence showing that TSgt. Freeman was acting outside the scope of her employment at the time of the accident. Instead, she attempts to shift the burden of proof to the United States. She "demands strict trustworthy testamentary [sic] proof or documentary proof that Defendant Freeman was not

---

[3]The Attorney General has delegated his certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (2003).

involved in a personal action when she was involved in [the] car wreck" and "avers that no such evidence has been adduced by the United States other than hearsay affidavits of the United States Attorney and the Attorney for the United States Air Force." Plaintiff's Answer and Objection to United States Motion to Dismiss at ¶ 3. Continuing in this vein, plaintiff argues that "the United States has offered no . . . evidence . . . as to whether or not Defendant Freeman was on a frolic of her own and thus on such a frolic was liable for her negligence [sic] actions in a personal way" and that "a person who works for the government can be sued for his or her personal liability if without the line or scope of her employment or if she is on a frolic of his or her own. The facts and evidence of the case would determine the status as to each personal type of liability and a hearsay affidavit by a party not involved in the car wreck is not sufficient to determine the facts and evidence in this matter." *Id.* at ¶¶ 4, 6. *See also*, Plaintiff's Brief and Documents in Support of Objection to United States Motion to Dismiss at 3; Plaintiff's Motion to Remand to State Court at ¶¶ 8-10. Plaintiff's argument completely misstates the burden of proof, and her scope challenge must fail because she has not come forward with any evidence refuting the United States Attorney's scope-of-employment certification.

      Moreover, the undisputed facts establish that TSgt. Freeman was acting within the scope of her employment as a member of the Armed Forces at the time of the accident. The Air Force billeted TSgt. Freeman at the Fairfield Inn on Carmichael Road and authorized her to rent a car at Government expense while she was TDY at Maxwell AFB. Exhibit A, TSgt. Freeman Decl. The governing Air Force regulation specifically establishes that, when authorized, Government vehicles, including commercial rental cars, may be operated between lodgings and duty stations by personnel on temporary duty. Exhibit B, Air Force Instruction (AFI) 124-301, §§ 2.1, 2.6. At

5

the time of the accident, TSgt. Freeman was driving the Government rental car from her duty station at Maxwell AFB to her temporary lodging at the Fairfield Inn. Exhibit A, TSgt. Freeman Decl. Accordingly, she was using the Government rental car for an authorized official purpose that furthered the mission of the Air Force. Exhibit B, AFI 124-301 § 2.1.

Under Alabama law, "'if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment'." *Singleton*, 362 F.Supp.2d at 1295 (*quoting Solmica of the Gulf Coast, Inc. v. Braggs*, 285 Ala. 396, 401 (1970)). When an employee's use of an employer's vehicle is expressly or tacitly approved by the employer, such use is considered to be in furtherance of the employment. *Pryor v. Brown & Root USA, Inc.*, 674 So.2d 45 (Ala.1996). In addition, any "use of a vehicle owned by an employer creates an administrative presumption that the employee was acting within the scope of his employment." *Singleton*, 362 F.2d at 1295 (*quoting Pryor*, 674 So.2d at 45)(internal quotation marks omitted).

This case is indistinguishable from *Singleton*. In that case, an Air Force NCO on TDY to Maxwell was involved in a traffic accident while driving a Government vehicle from the base to a restaurant for dinner. *Singleton*, 362 F.Supp.2d at 1294. In its well-reasoned opinion, this Court determined that the NCO was "[o]perating his government vehicle within the constraints set out by his employer" and "acting to the end and in furtherance of his military duty - specifically his assignment to successfully complete Airman Leadership School in Montgomery[.]" *Id.* at 1295. Accordingly, this Court held that "the United States Attorney was correct in certifying that [the NCO] was acting within the scope of his employment[,] . . . [t]he

United States was properly substituted as the defendant[,] . . . and the case was properly removed to this Court." *Id.* at 1295-96.

Here, as in *Singleton*, TSgt. Freeman was operating the Government rental car in accordance with Air Force regulations and in furtherance of her military assignment to attend a training course at Maxwell AFB.  Therefore, she was acting within the scope of her employment as an Air Force NCO at the time of the accident.  Accordingly, plaintiff's challenge to the United States Attorney's scope-of-employment certification should be denied, and this action should proceed as a claim against the United States under the FTCA.

Plaintiff's FTCA claim is due to be dismissed for lack of subject-matter jurisdiction because she filed suit on the same day she filed her administrative claim with the Air Force.  *See*, Plaintiff's Brief and Docs. in Support of Obj. to United States' Mot. to Dismiss at 2.  Plaintiff must first exhaust her administrative remedies before filing suit.  28 U.S.C. § 2675 (a); *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994).  Plaintiff does not oppose the United States' jurisdictional argument.  She concedes that if the United States prevails on the scope issue, "the timely filed form 95 against the Air Force should be allowed to proceed through administrative channels to a final resolution."  Plaintiff's Brief and Docs. in Support of Obj. to United States' Mot. to Dismiss at 4.

  **2. The United States Has No Objection to Remand of Plaintiff's Claims Against Budget Rent A Car, Inc., to State Court**.

Upon dismissal of plaintiff's claim against the United States, the Court may retain supplemental jurisdiction over plaintiff's remaining claim against Budget, or remand it to State

Court.  28 U.S.C. § 1367.  *See, Warren v. Joyner*, 996 F.Supp. 581, 584-85 (S.D. Miss. 1997)(remanding remaining claims after granting United States' motion to dismiss for lack of subject-matter jurisdiction); *Belser v. Detroit Medical Center*, 2005 WL 1076519 (E.D. Mich. 2005)(Slip Copy); *Barrett v. Clark*, 2002 WL 356637 (N.D. Cal 2002)(unreported)(remanding remaining claims in action removed pursuant to 28 U.S.C. § 2679 (d)(2) after dismissal of claims against federal officers); *Thompson v. Children's Hospital of Philadelphia*, 1992 WL 50079 *2 (E.D. Pa. 1992)(unreported)(remanding remaining claims in action removed pursuant to 28 U.S.C. § 2679 (d)(2) after dismissal of claims against United States).  Contrary to plaintiff's mischaracterization, the United States has not moved to dismiss her claim against Budget.  *See*, Plaintiff's Brief and Docs. in Support of Obj. to United States' Mot. to Dismiss at 1-2, 3; Plaintiff's Mot. to remand at ¶ 10.  The claim against Budget was removed to this Court when the United States removed the entire case pursuant to 28 U.S.C. § 2679 (d)(2).  The United States has no objection to remand of plaintiff's claim against Budget upon dismissal of the claim against the United States.  *See*, 28 U.S.C. § 1367 (c)(3).

## CONCLUSION

For all of the above reasons and the reasons stated in the United States' initial papers, plaintiff's challenge to the United States' Attorney's scope-of-employment certification should be denied, and plaintiff's FTCA claim should be dismissed.

Respectfully submitted this 27th day of April, 2006.

          LEURA G. CANARY
          United States Attorney


By:    s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for the United States
       Post Office Box 197
       Montgomery, AL 36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all attorneys of record by mailing each a copy of same, first class, postage prepaid, addressed as follows:

    Tom Payne, Esquire
    305 South Lawrence Street
    Montgomery, AL 36104
    Attorney for Plaintiff

    Richard Corrigan, Esquire
    Post Office Box 7501
    Mobile, AL 36670
    Attorney for Budget Rental Car

Dated this 27th day of April, 2006.

          s/Stephen M. Doyle
          Assistant United States Attorney