IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHARON LEA MANNING WAID,       )
                               )
         Plaintiff,            )
                               )
v.                             )        Case No. 2:06-cv-171-MEF
                               )               (WO)
UNITED STATES OF AMERICA, *et al.,*  )
                               )
         Defendants.           )

## MEMORANDUM OPINION AND ORDER

This case arises out of an automobile accident between Sharon Lea Manning Waid

("Waid") and Rejeana V. Freeman ("Freeman") on August 26, 2003. Plaintiffs filed suit on

August 24, 2005 in the Circuit Court of Montgomery County, Alabama, alleging negligence

and wantonness against Freeman and negligent entrustment against Budget Rent A Car

(hereinafter "Budget"), the company from which the car involved in the accident was rented.

Pursuant to the Federal Tort Claims Act,[1] on February 23, 2006, the United States Attorney

---

[1]The Federal Tort Claims Act, which provides absolute immunity to federal employees
for torts committed within the scope of their employment, states in relevant part:

  (d)(2) Upon certification by the Attorney General that the defendant employee was
  acting within the scope of his office or employment at the time of the incident out of
  which the claim arose, any civil action or proceeding commenced upon such claim
  in a State court shall be removed without bond at any time before trial by the
  Attorney General to the district court of the United States for the district and division
  embracing the place in which the action or proceeding is pending. Such action or
  proceeding shall be deemed to be an action or proceeding brought against the United
  States under the provisions of this title and all references thereto, and the United
  States shall be substituted as the party defendant. The certification of the Attorney
  General shall conclusively establish scope of office or employment for purposes of
  removal.

for the Middle District of Alabama certified that Freeman was acting within the scope of her employment with the United States Air Force at the time the accident occurred. The United States of America was substituted as defendant for Freeman, and the case was removed to this Court on February 23, 2006. The case is presently before the Court on the Plaintiff's Motion to Remand to State Court (Doc. # 6), filed on April 11, 2006 and the United States' Motion to Dismiss (Doc. # 4), filed March 27, 2006. Upon full consideration of each motion filed and for the reasons stated below, the Court concludes that the Motion to Remand (Doc. #6) is due to be GRANTED in part and DENIED in part and that the Motion to Dismiss (Doc. # 4) is due to be GRANTED.

## I. Remand Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns*, 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction

---

28 U.S.C. § 2679 (d)(2). The Attorney General has delegated the certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (2003).

raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## II. Facts

Freeman is a Technical Sergeant (Tsgt.) on active duty in the United States Air Force. From August 4, 2003 through September 12, 2003, Freeman was on Temporary Duty (hereinafter "TDY") at Maxwell Air Force Base (hereinafter "Maxwell") in Montgomery, AL to attend the Air Force's Paralegal Course. During that time, the Air Force lodged Freeman off base at the Fairfield Inn on Carmichael Road and authorized her to rent a car at the Government's expense. On August 26, 2003, Freeman was involved in an automobile accident with Waid while driving the rental car from Maxwell to the Fairfield Inn at the end of her training day.

Air Force regulations provide that the Air Force shall "[r]estrict the use of all DoD motor vehicles, including those rented or leased, to official purposes only, that is, uses that would further the mission of the Air Force." AF124-301, instruction 2.1 (1 Nov. 2001). Regulations further state that "[t]ransportation may be provided between lodgings and duty stations for personnel on temporary duty . . . When authorized, a government motor vehicle may be operated . . . [b]etween places where the member's presence is required for official business, or between such places and temporary lodgings." *Id.*, instructions 2.6.1 & 2.6.1.1.

3

### III. Discussion

*A. Motion to Remand as to Freeman*

In her Motion to Remand, Plaintiff argues that Freeman was not within the scope of her employment when the accident occurred. Plaintiff states that the United States Attorney incorrectly certified that Freeman was acting in the scope of her employment, the United States was incorrectly substituted as defendant, and the case was incorrectly removed to this Court. The Plaintiff asks this Court to remand the case to the Circuit Court of Montgomery County. The United States counters that the case is properly before the Court because, as stated in the United States Attorney's certification, Freeman was within the scope of her employment.

The scope of employment certification of the United States Attorney is to be reviewed *de novo* by the District Court if challenged. *See Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) ("the Attorney General's certification is reviewable by the district court. . . . the district court [is] to decide the issue *de novo*."); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir. 1990). The "burden of . . . proving that the employee acted outside the scope of employment is . . . on the plaintiff." *Flohr*, 85 F.3d at 390 (quoting *S.J. & W. Ranch*, 913 F.2d at 1543). Additionally, the "question of whether an employee's conduct was within the scope of his employment 'is governed by the law of the state where the incident occurred.'" *Id.* (quoting *S.J. & W. Ranch*, 913 F.2d at 1542). Therefore, the burden of proof is on Waid and Alabama

law controls in this case.

Under Alabama law, the "[u]se of a vehicle owned by an employer creates an 'administrative presumption' that the employee was acting within the scope of his employment." *Pryor v. Brown & Root USA, Inc.*, 674 So.2d 45, 48 (Ala. 1995). This presumption was created because "the owner in such case has special knowledge of the relation between him and his servant, and is in better position to show whether the servant has gone outside the scope of his employment on a mission of his own." *Toranto v. Hattaway*, 122 So. 816, 818 (Ala. 1929). "The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment." *Solmica of the Gulf Coast, Inc. v. Braggs*, 285 Ala. 396, 401 (Ala. 1970). Put another way, "the dispositive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer." *Hulbert v. State Farm Mut. Auto. Ins. Co.,* 723 So.2d 22, 24 (Ala. 1998). Conversely, conduct is not within the scope of employment if it is "impelled by motives that are wholly personal." *Solmica,* 285 Ala. at 401.

Taking the facts as a whole, the Plaintiff has not met her burden of demonstrating that Freeman was not acting within the scope of her employment. Freeman was operating a

government vehicle at the time of the accident,[2] invoking the administrative presumption that he was within the scope of his employment. The Air Force authorized Freeman's rental of a vehicle for the purpose of commuting from her TDY assignment at Maxwell to her lodgings. Operating her government vehicle within the constraints set out by her employer, Freeman was acting to the end and in furtherance of her military duty—specifically her assignment to successfully complete the Air Force's Paralegal Course in Montgomery—and her actions were of benefit to her employer. Plaintiff has presented no evidence disputing any of these facts.

This conclusion is consistent with the Eleventh Circuit's finding that an army officer on a temporary duty assignment to attend a conference in California was within the scope of his employment in a factually similar situation. *Flohr*, 84 F.3d 386. Although that case was governed by California law, the court's analysis of the policies behind the decision are equally applicable in this case: first, the military is best suited "to control the use of vehicles by personnel sent on business trips so as to limit the risk of accidents"; second, "holding the United States liable in this sort of case does greatly increase the chance of recovery by a plaintiff"; and finally, because the United States "presumably benefits" from the participation of its service men and women in this type of temporary duty assignments, "the United States ought equitably to bear the losses arising out of such participation." *Id.* at 392.

---

[2] This is true even though the vehicle was rented from Budget because the Air Force regulations apply to "all DoD motor vehicles, including those rented or leased." AF124-301, instruction 2.1.

6

Therefore, the Court finds that the United States Attorney was correct in certifying that Freeman was acting within the scope of her employment with the United States Air Force at the time of the accident. The United States was properly substituted as the defendant in this case and the case was properly removed to this Court. Consequently, the Plaintiff's Motion to Remand as to Freeman is due to be DENIED.

*B. Motion to Dismiss*

The United States asks that all claims against it be dismissed for lack of subject-matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies.

The Federal Tort Claims Act is a limited waiver of the United States' sovereign immunity, and this waiver applies only in the limited circumstances established by Congress. *See Chandler v. United States*, 846 F.Supp. 51, 53 (M.D. Ala. 1994). The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the plaintiff has first exhausted his or her administrative remedies. 28 U.S.C. § 2675(a)[3]; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (dismissing

---

[3]28 U.S.C. § 2675(a) states, in relevant part, that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

suit for failure to exhaust administrative remedies under the FTCA and stating that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). Furthermore, the Westfall Act specifically states that failure to comply with the administrative exhaustion requirements of 28 U.S.C. § 2675(a) mandates dismissal. 28 U.S.C. § 2679(d)(5).

Waid filed an administrative claim with the Air Force on August 24, 2005, and filed suit in state court on the same day. Her failure to wait to file suit in state court until the Air Force decided her claim means that she failed to properly exhaust her administrative remedies as required by 28 U.S.C. § 2675(a). Therefore, Waid may not maintain a claim against the United States, and the United States' Motion to Dismiss is due to be GRANTED.[4]

*C. Motion to Remand as to Defendant Budget Rent A Car*

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over claims related to claims over which it has original jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. Having dismissed the claim against the United States, the Court declines to exercise jurisdiction over the related claim against Budget. Accordingly, the Court holds that the Plaintiff's Motion

---

28 U.S.C. § 2675(a).

[4] Because the claim against the United States is due to be dismissed due to failure to exhaust administrative remedies, the Court will not address the parties arguments on service of process.

8

to Remand (Doc. # 6) is due to be GRANTED as to the claim against Budget.[5]

## IV.  Conclusion

For the reasons set forth above, it is hereby ORDERED that:

1.    Plaintiff's Motion to Remand (Doc. # 6) is GRANTED IN PART and DENIED IN PART.

2.    The United States' Motion to Dismiss the claim against the United States (Doc. # 4) is GRANTED.

3.    Plaintiff's claim against Budget is REMANDED to the Circuit Court of Montgomery County, Alabama.  The Clerk of Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 26th day of June, 2006.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] In its reply brief in support of its Motion to Dismiss, the United States stated that upon dismissal of Waid's claim against the United States, it has no objection to this Court's remanding her claim against Budget to the Circuit Court of Montgomery County.